**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
SARAH L. BLACK,                 :
                                :  CIVIL ACTION NO. 04-1385 (MLC)
      Plaintiff,                :
                                :       MEMORANDUM OPINION
      v.                        :
                                :
JO ANNE BARNHART,               :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
      Defendant.                :
                                :
```

**COOPER, District Judge**

This matter is before the Court on the application of plaintiff Sarah L. Black ("plaintiff") for judicial review of the final decision of defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits and Supplemental Security Income. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The Court, for the reasons stated in this memorandum opinion, will affirm the Commissioner's decision.

**BACKGROUND**

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on April 21, 1999. (Admin. R. ("A.R.") at 79-81.) Plaintiff alleged in her application that she had been disabled since January 2, 1991 due to respiratory disease and a herniated disc. (Id. at 98.) On May 10, 1999, the onset date of disability was changed from plaintiff's alleged

onset date of January 2, 1991 to August 1, 1996.  (Id. at 87.) This change was based on the decision of an administrative law judge ("ALJ") that plaintiff had been disabled on January 2, 1991, but her period of disability ceased as of July 1996.  (Id.)

A Report of Contact was filed with the Social Security Administration on June 7, 1999, containing plaintiff's additional assertion that she was disabled due to depression.  (Id. at 139.) Plaintiff's claims were denied on August 19, 1999, and she filed for reconsideration on September 13, 1999.  (Id. at 53-59.) Plaintiff's claims were denied upon reconsideration on December 22, 1999.  (Id. at 60.)  Plaintiff requested a hearing before an ALJ on January 4, 2000.  (Id. at 62.)  ALJ Marilyn Mann Faulkner conducted a hearing on May 2, 2000.  (Id. at 49.)  The ALJ issued a decision on August 25, 2000, finding that plaintiff was disabled within the meaning of the Social Security Act, and that the period of disability commenced February 9, 1999.  (Id. at 49-51.)  The ALJ stated in the decision that plaintiff alleged an onset date of February 9, 1999 in her application.  (Id. at 49.)

Plaintiff submitted a request to the Appeals Council on June 27, 2001 to review the ALJ's decision and rectify the discrepancy between plaintiff's actual alleged onset date and the ALJ's erroneous statement concerning plaintiff's alleged onset date. (Id. at 69-70.)  The Appeals Council issued an order ("the order of remand") on September 19, 2002, affirming the ALJ's decision

2

that plaintiff was disabled beginning February 9, 1999, but remanding the case for consideration of the period prior to February 9, 1999.  (Id. at 73.)  The order of remand noted that because plaintiff had previously been granted a period of disability from January 2, 1991 to July, 1996, the earliest possible onset date of disability was August 1, 1996.  (Id.)  The order instructed the ALJ to consider the issue of disability for the period of August 1, 1996 to February 9, 1999.  (Id. at 73-74.)

The ALJ held a post-remand hearing ("the post-remand hearing") on December 5, 2002, and issued a decision on September 18, 2003 ("the September 2003 decision").  (Id. at 16.)  The ALJ determined that plaintiff was not entitled to a period of disability prior to February 9, 1999.  (Id. at 19.)  Plaintiff then requested that the Appeals Council review the September 2003 decision.  (Id. at 12.)  This request was denied on January 22, 2004.  (Id. at 8.)  The September 2003 decision was accordingly adopted as the Commissioner's final decision.

## DISCUSSION

**A.   Standard of Review**

The Court may review a "final decision of the Commissioner of Social Security" in a disability proceeding.  42 U.S.C. § 405(g).  The Court may affirm, modify, or reverse the decision of the Commissioner, with or without remanding the cause for a rehearing.  Id.  However, this judicial review is limited.  The

Commissioner's findings of fact, if supported by substantial evidence, are conclusive. Id. The Court, then, examines the record "to determine whether substantial evidence supported the ALJ's findings." Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003). "Substantial evidence" in the context of a Social Security matter means "more than a mere scintilla," i.e., such evidence as "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). The standard is "deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).

Courts, despite the deference given to administrative decisions, retain a responsibility to scrutinize the entire record and to reverse or remand if the decision is not supported by substantial evidence. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); see also Reefer, 326 F.3d at 379. Furthermore,

> [a] single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence -- particularly certain types of evidence (e.g., that offered by treating physicians) -- or if it really constitutes not evidence but mere conclusion.

Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). That the record contains evidence supporting a different conclusion does

4

not undermine the Commissioner's decision as long as the record contains substantial evidence supporting that decision.  Rivera v. Shalala, No. 94-2740, 1995 WL 495944, at *3 (D.N.J. July 26, 1995).  The Commissioner is required, however, to address and reconcile medical evidence that would support a contrary conclusion.  Schaudeck, 181 F.3d at 434-35.

**B.      Determining Eligibility for Disability Benefits**

The term "disability" is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).  An individual is determined to be disabled if

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

Id. at (d)(2)(A).

An ALJ employs a five-step process in determining whether a person is "disabled" under the Social Security Act.  In the first step, the ALJ determines whether the claimant is currently engaged in "substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(I).  If the claimant is so engaged, the ALJ will find that the claimant is not disabled and the application for disability benefits will be denied.  Id. at (b).

5

The ALJ, if the claimant is not employed, will consider the medical severity of the claimant's impairment or combination of impairments in the second step. 20 C.F.R. § 404.1520(a)(4)(ii). A severe impairment is one that significantly limits the claimant's physical or mental ability to do basic work activities, including: sitting, lifting, speaking, responding appropriately to supervision and co-workers, and understanding, carrying out, and remembering instructions. 20 C.F.R. §§ 404.1521(a)-(b), 416.921(a)-(b). A claimant who does not meet this requirement is not disabled. 20 C.F.R. § 404.1520(c). In short, the second step requires a threshold-level demonstration of severe impairment without consideration of the claimant's age, education, and work experience. Smith v. Sullivan, 769 F.Supp. 1386, 1396-97 (E.D. Va. 1991).

The ALJ, if the claimant shows severity, determines in the third step whether the impairment is listed in section 20, part 404, subpart P, appendix 1 of the Code of Federal Regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment meets or equals a listed impairment, the claimant is presumed to be disabled, and the evaluation ends at this stage. Id. at (d). If the impairment does not meet or equal a listed impairment, the ALJ proceeds to step four. Id. at (a)(4).

The ALJ must determine at step four whether the impairment prevents the claimant from returning to the work that the

6

claimant performed in the past.  Id. at (a)(4)(iv).  If the claimant can resume the former occupation, the claimant will not be considered disabled.  Id.  If the claimant cannot, the ALJ must continue to the fifth step of the evaluation process.  Id. at (e).

The fifth and final step focuses on the claimant's ability to perform other work that is available in the national economy. Id. at (a)(4)(v).  This inquiry requires the ALJ to consider the claimant's residual functional capacity ("RFC"), age, education, and past work experience.  Id.  A claimant will be found disabled if the claimant is unable to adjust to any other work in the national economy.  See id. at (g).

The claimant has the initial burden of proving the first four steps of the evaluation process.  Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).  Once a claimant meets this burden, the burden shifts to the Commissioner in step five to show that the claimant has the transferable skills that would allow him or her to engage in alternative substantial gainful employment.  Id.

**C.  Analysis**

Plaintiff makes four claims in support of her argument that the Court should remand the case to the Commissioner.  Plaintiff generally asserts that the Commissioner's finding is not supported by substantial evidence and that the ALJ's decision contains errors of law.  (Pl. Br. at 3.)  Plaintiff argues that:

(1) the ALJ's finding that she did not have a severe impairment prior to February 9, 1999 is inconsistent with the Commissioner's prior finding that she was disabled from January 2, 1991 to July 1996; (2) the ALJ erred by not considering her prior disability file; (3) the ALJ failed to follow Social Security Ruling 83-20 ("SSR 83-20") and <u>Walton v. Halter</u> when determining the disability onset date; and (4) the disability onset date of February 9, 1999 bears no relation to any event in her life or to any piece of medical evidence. (<u>Id.</u> at 4-5.)

**1. The ALJ's finding is not inconsistent with the Commissioner's prior finding that plaintiff was disabled from January 2, 1991 to July 1996.**

The ALJ's finding number 3 states that "[t]he record evidence fails to establish that the claimant had a severe impairment within the meaning of the Social Security Act on or prior to February 9, 1999." (A.R. at 18.) Plaintiff claims that this finding is inconsistent with the Commissioner's prior finding that plaintiff was disabled from January 2, 1991 to July 1996. (Pl. Br. at 4.) The court, in considering the ALJ's finding in the context of the ALJ's entire decision, rejects plaintiff's contention.

The ALJ specifically considered plaintiff's prior period of disability commencing January 2, 1991 and ending in July, 1996 in the section of the September 2003 decision entitled "Statement of the Case", per the order of remand. (A.R. at 16.) The ALJ

8

further stated in this section that because of plaintiff's prior period of disability, the earliest possible onset date based on her current application was August 1, 1996.  (Id.)  The ALJ, in the post-remand hearing, noted in the opening statement that the Appeals Council had remanded the case for the purpose of considering the period of August 1, 1996 to February 1999, and the ALJ specifically stated that this was the period of time that the court would focus on.  (Id. at 23.)

When the ALJ's finding is read in the context of the ALJ's entire decision and the ALJ's previous statements, it is apparent that the scope of the ALJ's findings was related to the period of August 1, 1996 through February 9, 1999.  The ALJ's finding that plaintiff did not have a severe impairment before February 9, 1999 therefore is not inconsistent with existing facts.

2.  **The ALJ did not err by failing to obtain and consider plaintiff's prior disability file**.

Plaintiff claims that the ALJ erred by failing to obtain and consider her prior disability file because the file would contain medical evidence of impairments that existed long before February 1999. (Pl. Br. at 4.)  Because plaintiff was found to have been disabled for the period of January 2, 1991 to July 1996, it would be expected that her prior disability file would reveal evidence of her past impairments.  The mere existence of plaintiff's past impairments, however, does not necessarily imply that those impairments continued to exist at a disabling level of severity

9

during the period of time in question — August 1, 1996 through February 9, 1999.  "[I]t is possible for [a person] to have a period of disability for a time in the past even though [he or she does] not now have a severe impairment."  20 C.F.R. § 404.1520(c).  Even if a person is presently suffering from an impairment, this does not necessarily imply the existence of a disabling condition.  See 20 C.F.R. § 404.1520(c); Alexander v. Shalala, 927 F.Supp. 785, 792 (D.N.J. 1995).  The impairment, rather, must be a severe impairment that limits the person's physical or mental ability to do basic work activities.  See id.

Plaintiff, here, was found to be capable of substantial, gainful activity as of July 1996 when her entitlement to disability insurance benefits was terminated.  (A.R. at 73.)  Even if plaintiff did continue to suffer from those impairments contained in her prior disability file during the 1996 to 1999 time frame, she needed to establish that she continued to suffer from these impairments at a disabling level of severity from August 1, 1996 to February 9, 1999 in order to be entitled to disability insurance benefits for this period.  Plaintiff's prior disability file would only have revealed that she suffered from certain disabling impairments from January 2, 1991 to July 1996.  The file would not have revealed that she continued to suffer from these conditions at a disabling level of severity from August 1, 1996 to February 9, 1999.  The ALJ, therefore, did not

10

err by failing to obtain and consider plaintiff's prior disability file.

### 3. The ALJ did not fail to follow SSR 83-20 and Walton v. Halter when establishing the disability onset date.

Plaintiff claims that the ALJ failed to follow the requirements of SSR 83-20 and Walton v. Halter, 243 F.3d 703 (3d Cir. 2001), when establishing the disability onset date. (Pl. Br. at 3.) Plaintiff specifically contends that the ALJ should have consulted a medical advisor to infer the disability onset date of her depression. (Id. at 4.) SSR 83-20 outlines the process for establishing the onset date of disabilities. 1983 SSR LEXIS 25, at *1. Social Security Rulings are binding on all components of the Social Security Administration. 20 C.F.R. § 402.35(b)(1). SSR 83-20 provides that for disabilities that are traumatic in origin, the onset date is the day of the injury. 1983 SSR LEXIS 25, at *3. The onset date for disabilities that are non-traumatic in origin must be determined by evaluating the applicant's allegations, work history, and the medical and other relevant evidence. Id. at *4.

The ALJ, here, did evaluate plaintiff's allegations, work history, and the medical evidence in the record when determining the onset date of her disability. (A.R. at 17.) The ALJ referred to plaintiff's testimony from the post-remand hearing. (Id.) The ALJ noted plaintiff's allegations that she left her job at Wawa because of her depression and asthma, and that she

11

received treatment for her depression at Richard Hall Community Mental Health Center ("Richard Hall").  (Id.)  The ALJ also acknowledged plaintiff's statements that during the 1996 to 1999 time period, plaintiff experienced anxiety attacks, could not sleep, had no energy, cried intermittently, and had breathing problems.  (Id.)  The ALJ discussed the earnings record containing plaintiff's employment history and earnings from 1997, 1998, and 1999.  (Id.)  The ALJ further noted that the medical evidence in the record consisted of medical reports from March, 1999 and beyond, as well as psychological and internal examinations conducted in 1996.  (Id.)  The ALJ, therefore, appropriately considered relevant evidence as required by SSR 83-20 in evaluating the onset date of plaintiff's disability, which is non-traumatic in origin.

SSR 83-20 also provides that it is sometimes impossible to establish the precise date that a slowly progressive impairment became disabling.  1983 SSR LEXIS 25, at *5.  SSR 83-20 states that in some cases, it may be possible to infer the onset date of a disabling impairment, but this inference must have a legitimate medical basis.  Id. at *6.  "At the hearing, the [ALJ] should call on the services of a medical advisor when onset must be inferred."  Id. at *7.

Circuit Courts of Appeals interpreting the requirements of SSR 83-20 have consistently held that an ALJ does not need to

12

consult a medical advisor in every case where the onset of disability must be inferred. Bailey v. Chater, 68 F.3d 75, 79 (4th Cir. 1995) (citing Spellman v. Shalala, 1 F.3d 357, 362-63 (5th Cir. 1993); Morgan v. Sullivan, 945 F.2d 1079, 1082-83 (9th Cir. 1991); Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir. 1989)). The Third Circuit, in accordance with these Circuit Courts of Appeals, recognized in Walton v. Halter that the ALJ only needs to consult a medical advisor if the onset of disability must be inferred and the evidence of onset is ambiguous. 243 F.3d at 709 (citing Grebenick v. Chater, 121 F.3d 1193, 1201 (8th Cir. 1997); Bailey, 68 F.3d at 79; Spellman, 1 F.3d at 362; DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991); Blankenship, 874 F.2d at 1122-24; Lichter v. Bowen, 814 F.2d 430, 434-36 (7th Cir. 1987)).

The evidence of onset, here, was not ambiguous. The ALJ, therefore, was not required to call on the services of a medical advisor to assist in inferring the onset date of plaintiff's disability. The medical evidence in the record consists of the following: (1) an internal examination in July 1996, stating that plaintiff's "pulmonary function should not cause any clinical symptoms in normal healthy condition," (A.R. at 253); (2) a mental status examination conducted in April 1996, diagnosing plaintiff with dysthymia, (id. at 246-50); (3) treatment in March 1999 for a herniated disc caused by an injury that occurred on

13

February 9, 1999, (id. at 129-32); (4) a psychiatric evaluation performed in August 1999, diagnosing plaintiff with a depressive disorder, (id. at 156-61); and (5) subsequent treatment notes indicating that plaintiff was receiving treatment for her depression from August 1999 through May 2000, (id. at 165-69, 232-45). The ALJ noted, "there is no medical evidence with respect to a back disorder nor of treatment for her asthma or treatment for depression" for the 1996-1999 time frame, and "the objective medical findings have consistently been minimal." (Id. at 18.) We agree with the ALJ's assessment of the medical evidence. The evidence of onset, therefore, was not ambiguous; rather, there was merely a lack of medical evidence to support a finding of disability onset prior to February 9, 1999.

A lack of objective medical evidence does not necessarily preclude the ALJ from finding that a disability exists. Social Security Ruling 96-7p ("SSR 96-7p") mandates that "whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." 1996 SSR LEXIS 4, at *6. The ALJ, when assessing the credibility of the individual's statements, must consider several factors in addition to the objective medical evidence including the

14

individual's daily activities, any medication the individual takes or has taken to alleviate pain or other symptoms, treatment the individual receives or has received for relief of pain or other symptoms, and any other factors concerning the individual's functional limitations.  20 C.F.R. § 404.1529(c)(4).

    The ALJ, here, did consider these factors when reaching the decision that plaintiff was not disabled between 1996 and 1999. The ALJ, in the September 2003 decision, discussed plaintiff's daily activities including her ability to care for her own personal hygiene, do her own laundry, shop for herself, and read mystery novels.  (A.R. at 18.)  The ALJ pointed out that, in spite of plaintiff's claims, plaintiff failed to present evidence of medical treatment to support her claim that she sought treatment for her depression at Richard Hall between 1996 and 1999.  (Id.)  The ALJ also recognized plaintiff's own testimony that her memory was poor.  (Id.)  Plaintiff, in particular, testified before the ALJ that "[she was] lucky if [she could] remember last week or the week before."  (Id. at 40.)  The ALJ, in addition to considering the medical evidence required by SSR 83-20, also considered the necessary factors required by SSR 96-7p in assessing the credibility of plaintiff's statements and finding that she was not disabled from 1996 to 1999.

**4.  The disability onset date of February 9, 1999 does bear relation to an event in plaintiff's life and is consistent with the medical evidence of record.**

Plaintiff asserts that the disability onset date of February 9, 1999 bears no relation to any event in her life or any piece of medical evidence. (Pl. Br. at 5.)  The Court rejects this claim, and finds that the record contains evidence of an injury that occurred on February 9, 1999 when plaintiff hurt her back while moving a piece of furniture.  The record contains plaintiff's testimony before the ALJ where she stated that she injured her back and herniated her disc while moving a piece of furniture.  (A.R. at 29.)  The record also contains a physician's report by Dr. Ghaly diagnosing plaintiff with a herniated disc as of February 9, 1999.  (Id. at 129.)

## CONCLUSION

The Court, finding that the Commissioner's decision was supported by substantial evidence, will therefore affirm the Commissioner's denial of plaintiff's claim.  The Court will issue an appropriate order and judgment.


            s/ Mary L. Cooper            
**MARY L. COOPER**
United States District Judge